Mr. John Wesley Hall, Jr. Attorney at Law 523 West Third Street Little Rock, AR 72201-2228
Dear Mr. Hall:
This is in response to your request, pursuant to A.C.A. 7-9-107 (Repl. 1993), for certification of the following proposed popular name and ballot title for a proposed constitutional amendment:
(Popular Name)
 ARKANSAS LOTTERY, BINGO, AND RAFFLE AMENDMENT
(Ballot Title)
 A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION AUTHORIZING THE STATE OF ARKANSAS TO CONDUCT A STATE LOTTERY TO BE CONDUCTED BY THE STATE OR BY THE STATE IN CONJUNCTION WITH OTHER STATE LOTTERIES AND TO REGULATE BINGO AND RAFFLES:
 LOTTERY: CREATING A FIVE-MEMBER STATE LOTTERY COMMISSION APPOINTED BY THE GOVERNOR WHOSE MEMBERS ARE REMOVABLE FOR CAUSE WHO SHALL OPERATE AND ADMINISTER THE LOTTERY TO ENSURE THE INTEGRITY, SECURITY, HONESTY, AND FAIRNESS OF THE LOTTERY; PROVIDING FOR AN EXECUTIVE DIRECTOR WHO SHALL BE APPOINTED BY THE GOVERNOR AND BE REMOVABLE FOR CAUSE AND
 WHO IS EXPERIENCED IN OPERATING STATE LOTTERIES TO ADMINISTER THE LOTTERY UNDER THE DIRECTION OF THE COMMISSION; PROVIDING ONLY STATE-ISSUED LOTTERY TICKETS MAY BE USED TO WIN A PRIZE; PROHIBITING MINORS FROM BUYING LOTTERY TICKETS OR TICKETS TO BE SOLD ON CREDIT; PROHIBITING STATE AND LOCAL TAXES ON LOTTERY TICKETS; PROVIDING THAT PROCEEDS FROM THE LOTTERY SHALL BE 50% TO PRIZES, 10% FOR ADMINISTRATION, 5% TO TICKET SALES COMMISSIONS, AND 35% DIVIDED EQUALLY FOR LAW ENFORCEMENT PERSONNEL AND PUBLIC EDUCATION; AND PROVIDING FOR ANNUAL AUDITS BY THE DIVISION OF LEGISLATIVE AUDIT; AND
 BINGO: PROVIDING THAT BINGO AND RAFFLES SHALL BE LICENSED BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION; PROSCRIBING WHO CAN CONDUCT CHARITABLE BINGO AND RAFFLES; PROVIDING THAT CHARITABLE BINGO AND RAFFLES ARE TAX EXEMPT IF ALL THE NET PROCEEDS OVER AND ABOVE THE ACTUAL COST OF CONDUCTING THE BINGO GAME OR RAFFLE IS USED FOR CHARITABLE, RELIGIOUS, OR PHILANTHROPIC PURPOSES; CRIMINALIZING OPERATION OF FRAUDULENT BINGO OR RAFFLES; TAXATION OF OTHER BINGO OPERATIONS WHICH SHALL PAY A STATE, COUNTY, AND CITY SALES TAX OF ONE AND A HALF TIMES THE ESTABLISHED SALES TAX RATE; DEFINING CRIMINAL OFFENSES UNDER THE AMENDMENT; PROSCRIBING WHO CAN WORK FOR OR OWN STOCK IN A BINGO OPERATION; AND DECLARING CERTAIN CONDUCT CRIMINAL; AND
 OTHER: AUTHORIZING THE GENERAL ASSEMBLY TO IMPLEMENT THIS AMENDMENT BY APPROPRIATE LEGISLATION; PROVIDING THAT THE PROVISIONS OF THE AMENDMENT ARE SEVERABLE; REPEALING ARTICLE 19, 14 OF THE ARKANSAS CONSTITUTION IN CONFLICT WITH THIS AMENDMENT; PROVIDING THAT THIS AMENDMENT SHOULD BE CONSTRUED TO BE IN FORCE EVEN IF GAMBLING AMENDMENTS TOUCHING THE SAME SUBJECT ARE ADOPTED IN 1994; AND DECLARING THE AMENDMENT OPERATIVE JANUARY 1, 1995.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463,466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294,532 S.W.2d 741 (1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207
(1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416,417, 316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219,223, 226, 604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990), citing Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990) citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
Applying the above precepts, the popular name is hereby approved as submitted. The following ballot title is substituted for that submitted in order to fully apprise the voter of the substance of the proposal:
(Ballot Title)
 A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION CREATING A STATE LOTTERY TO BE SUPERVISED BY A STATE LOTTERY COMMISSION, AND PERMITTING BINGO AND RAFFLES UNDER THE JURISDICTION OF THE DEPARTMENT OF FINANCE AND ADMINISTRATION; PROVIDING THAT THE FIVE-MEMBER LOTTERY COMMISSION SHALL BE APPOINTED BY THE GOVERNOR FOR TERMS OF THREE YEARS AND SHALL BE SUBJECT TO REMOVAL FOR CAUSE BY THE GOVERNOR; DIRECTING THE COMMISSION TO PRESCRIBE PROCEDURES FOR PUBLIC REPORTING OF TRANSACTIONS AND FOR LICENSING VENDORS AND SUPPLIERS; REQUIRING THE COMMISSION TO SPECIFY THE TYPES OF LOTTERY GAMES TO BE CONDUCTED, INCLUDING WHETHER GAMES WILL BE CONDUCTED WITH OTHER STATES; AUTHORIZING THE COMMISSION TO HIRE NECESSARY PERSONNEL, TO BE APPROVED BY THE GENERAL ASSEMBLY; PROVIDING FOR THE GOVERNOR'S APPOINTMENT OF A QUALIFIED EXECUTIVE DIRECTOR TO MANAGE THE OPERATION OF THE LOTTERY UNDER THE SUPERVISION OF THE COMMISSION, AND WHO SHALL BE SUBJECT TO REMOVAL FOR CAUSE BY THE GOVERNOR; REQUIRING THAT ONLY COMMISSION-APPROVED LOTTERY TICKETS MAY BE SOLD IN ARKANSAS; PROHIBITING LOTTERY TICKET SALES THROUGH ANY PURCHASER OPERATED SYSTEM; PROHIBITING LOTTERY TICKET SALES TO MINORS AND SALES ON CREDIT; PROHIBITING STATE AND LOCAL TAXES ON LOTTERY TICKET SALES; PROVIDING THAT 50% OF TOTAL LOTTERY TICKET SALE REVENUES SHALL BE CONSIDERED CASH FUNDS AND SHALL BE DISTRIBUTED AS PRIZES, AND THAT THE REMAINDER SHALL BE DEPOSITED INTO THE STATE TREASURY WITH 10% ALLOCATED FOR ADMINISTRATION, 5% TO TICKET SALES COMMISSIONS, AND 35% DISTRIBUTED ONE-HALF TO COUNTIES AND CITIES FOR LAW ENFORCEMENT AND CRIME PREVENTION PERSONNEL AND ONE-HALF TO LOCAL SCHOOL DISTRICTS FOR EDUCATIONAL FACILITIES AND EQUIPMENT; PROVIDING FOR ANNUAL AUDITS OF THE LOTTERY AND COMMISSION OPERATIONS BY THE DIVISION OF LEGISLATIVE AUDIT; DEFINING "BINGO" AND "RAFFLES," TO BE LICENSED BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION
 AS PROVIDED BY LAW OR REGULATION; PROHIBITING ANY FELON FROM WORKING IN, OWNING, OR OWNING STOCK IN A COMMERCIAL OR CHARITABLE BINGO OPERATION OR RAFFLE; EXEMPTING CHARITABLE BINGO AND RAFFLES OPERATED BY AN AUTHORIZED ORGANIZATION, AS DEFINED, FROM ALL STATE AND LOCAL TAXES; REQUIRING AN AUTHORIZED ORGANIZATION TO SHOW THAT ALL NET RECEIPTS OVER ACTUAL EXPENSES SHALL BE USED ONLY FOR CHARITABLE, RELIGIOUS, OR PHILANTHROPIC PURPOSES; FURTHER PRESCRIBING WHO CAN PARTICIPATE IN OPERATING CHARITABLE BINGO AND RAFFLES; PROVIDING FOR THE TAXATION OF NON-CHARITABLE BINGO OPERATIONS AT ONE AND ONE-HALF TIMES THE EXISTING RATE OF ANY STATE, CITY, AND COUNTY SALES TAX; DEFINING CRIMINAL OFFENSES UNDER THE AMENDMENT; AUTHORIZING IMPLEMENTING LEGISLATION BY THE GENERAL ASSEMBLY; PROVIDING THAT THE PROVISIONS OF THE AMENDMENT ARE SEVERABLE; REPEALING ARTICLE 19, SECTION 14 OF THE ARKANSAS CONSTITUTION AND ANY OTHER CONFLICTING PROVISIONS; PROVIDING THAT THIS AMENDMENT SHALL SUPERSEDE THE PARTS OF ANY OTHER GAMBLING AMENDMENT ADOPTED BY THE VOTERS IN 1994 THAT TOUCH THE SAME SUBJECT; AND DECLARING THE AMENDMENT EFFECTIVE JANUARY 1, 1995.
Pursuant to A.C.A. 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
Sincerely, WINSTON BRYANT Attorney General
Enclosure